IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DESHONE ELESQUAIL DONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:20-CV-818-MHT |
| ) | (WO) |
| SGT. JASON ADKINS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Deshone Elesquail Donald ("Donald"), an indigent inmate currently incarcerated at the Leon County Jail, in Tallahassee, Florida. In the amended complaint, Donald challenges the constitutionality of charges brought against him by the defendant and the bond set by the District Court of Houston County, Alabama on these charges. Doc. 5 at 3.

The defendant filed a special report supported by relevant evidentiary materials, including affidavits, other relevant documents and photographs, in which he addresses the claims for relief presented by Donald and denies violating Donald's constitutional rights with respect to the arrest or bond set in his cases. Specifically, defendant Adkins maintains that he did not personally participate in the plaintiff's arrest and the challenged arrest occurred based on a videotape and various photographs taken from the videotape depicting the plaintiff as the person involved in the criminal offenses for which he was arrested. The

defendant further maintains that he had no involvement with the bond set by the state court on these charges.

Upon review of the defendant's written report and voluminous supporting evidentiary materials, the court entered an order directing Donald to file a response to the report. Doc. 9. The order advised Donald that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 9 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [Donald] that [his failure] to file a response in compliance with the directives of this order**" would result in the undersigned entering a Recommendation for dismissal of this civil action. Doc. 9 at 1 (emphasis in original). The time allotted Donald for filing a response in compliance with the directives of this order expired on January 7, 2021. Doc. 9 at 1. As of the present date, Donald has failed to file a response in opposition to the defendant's written report. In light of Donald's failure to file a requisite response to the written report of the defendant, the court finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, it is clear that dismissal of this case is the proper course of action. Specifically, Donald is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Donald's inaction in the face of the defendant's report and this court's order

suggests a loss of interest in the continued prosecution of this case. Finally, it likewise appears that any additional effort by this court to secure Donald's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes the abandonment of this case by Donald and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons and in light of the undisputed evidentiary materials filed by the defendant, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice.

On or before **February 10, 2021,** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 26th day of January, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE